IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOMONIQUE WILLIAMS,

        Plaintiff,

v.

RICK ANGELOZZI, et al.,

        Defendants.

Case No. 3:18-cv-01213-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, an inmate at the Columbia River Correctional Institution, has filed an Amended Complaint in this 42 U.S.C. § 1983 prisoner civil rights case. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff initially filed this action as a 28 U.S.C. § 2241 habeas corpus case. Because he challenged the conditions of his confinement by way of a medical claim, the Court construed the action as a 42 U.S.C. § 1983 civil rights case. Petitioner named a single defendant, Defendant Angelozzi, but failed to identify how he personally participated in the deprivation of a federal constitutional right. Accordingly, the Court dismissed the Complaint and allowed Plaintiff 30 days to file an amended pleading curing this deficiency.[1]

Plaintiff timely file his Amended Complaint wherein he alleges that he seriously injured his upper back and neck while exercising at the Two Rivers Correctional Institution, and that officials at that prison as well as his present prison have not appropriately treated his condition. He asks the Court to order "CRCI Medical" to provide him with an MRI or CT Scan and, if needed, immediate surgery for his condition.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental

---

[1] Plaintiff had also not complied with the filing fee requirement of 28 U.S.C. § 1914, but has since corrected this deficiency.

2 - ORDER TO DISMISS

entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

///

///

3 - ORDER TO DISMISS

## DISCUSSION

The Court construes the Complaint to state an Eighth Amendment medical claim that Defendants have been deliberately indifferent to his serious medical needs. However, much like his original Complaint where Plaintiff failed to identify how Defendant Angelozzi personally participated in the deprivation of needed medical care, Plaintiff once again fails to identify how each Defendant he names in his Amended Complaint personally participated in the Eighth Amendment violation he alleges.

As the Court previously advised Plaintiff, a party wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). It is incumbent upon a litigant to "plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). Where

4 - ORDER TO DISMISS

Plaintiff has not done so, his Amended Complaint is dismissed for failure to state a claim. The Court allows Plaintiff one final opportunity to state a valid claim for pleading purposes.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint (#9) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file a second amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to do so shall result in the dismissal of this proceeding, with prejudice. In lieu of an a second amended complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[2]

IT IS SO ORDERED.

DATED this 26th day of September, 2018.

Michael H. Simon
United States District Judge

---

[2] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

5 - ORDER TO DISMISS